glary, and his punishment fixed at 10 years in the penitentiary. The desire of appellant to withdraw his appeal is evidenced by an affidavit in proper form, which is on file in the record in this case. In conformity with the request, the appeal is dismissed.

---

**1**

Fred GUY v. STATE. (No. 9050.) (Court of Criminal Appeals of Texas. May 13, 1925.) Appeal from District Court, Polk County; J. L. Manry, Judge. Rowe & Rowe, of Livingston, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for manufacturing intoxicating liquor. Punishment, one year in the penitentiary. Defendant entered his plea of guilty under all the formalities required by the statute. The plea was a confession of guilt. After hearing the evidence the jury assessed his punishment. We observe nothing in the record that calls for disturbing the judgment, and an affirmance is ordered.

---

**2**

G. E. HARLIN v. STATE. (No. 9397.) (Court of Criminal Appeals of Texas. April 22, 1925.) Appeal from District Court, Hill County; Horton B. Porter, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hill county of forgery, and his punishment fixed at two years in the penitentiary. The record is before us without statement of facts or bills of exception. The indictment sufficiently charges the offense, and is followed by the charge of the court. No error appearing, the judgment will be affirmed.

---

**3**

Jack JOHNSON v. STATE. (No. 8927.) (Court of Criminal Appeals of Texas. April 22, 1925.) Appeal from District Court, Robertson County; W. C. Davis, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for the manufacture of intoxicating liquor. Punishment, confinement in the penitentiary for one year and six months. Officers went to the home of defendant, and informed him they had a search warrant and wanted to look over the place, to see if they could find any whisky. Defendant ran. After a chase of about a mile, he was overtaken and brought back to the house. In the house was found a complete still, but it had been partially disconnected. However, whisky was still running out of the coil into a syrup bucket. The liquid in the boiler was hot. Whisky was in the syrup bucket. About 40 gallons of hot mash were found. At one end of the house another barrel of mash was found buried. Nine quart fruit jars full of whisky were found. Another bottle containing whisky was warm. After defendant made bond, one of the officers had a talk with him, and asked him why he ran, and defendant told him he thought "they would do away with that stuff." A special charge upon circumstantial evidence was requested. This subject is fully covered in the court's main charge. In passing sentence upon defendant, the court inadvertently omitted to give him the benefit of the indeterminate sentence law, as provided in article 865a, C. C. P. The sentence is here reformed, to read that defendant shall be confined in the penitentiary for not less than one year nor more than one year and six months. As reformed, the judgment is affirmed.

---

**4**

E. E. LUCAS v. STATE. (No. 8817.) (Court of Criminal Appeals of Texas. May 13, 1925.) Appeal from District Court, Taylor County; W. R. Ely, Judge. T. A. Bledsoe, of Abilene, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

---

**5**

Will McDOWELL, Sr., v. STATE. (No. 8891.) (Court of Criminal Appeals of Texas. May 20, 1925.) Commissioners' Decision. Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge. Dickens & Dickens, of Austin, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Travis county for unlawfully manufacturing intoxicating liquor, and his punishment assessed at confinement in the penitentiary for one year. There is but one bill of exception in the record, and same cannot be considered, for the following reason: Appellant's motion for a new trial was overruled on March 26th, from which date appellant was allowed 80 days in which to file his bill of exceptions and statement of facts. This time expired on June 15, 1924, and the bill of exceptions was not filed until June 16, 1924, or one day after the time allowed for filing same had expired. There are no exceptions to the charge of the court, and nothing raised in the record that we would be warranted in considering, and, the facts being sufficient to support the judgment, it is our opinion that the same should in all things be affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**6**